FILED 9/7/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
CP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN WHEELER and JULIEANNE WHEELER, ) ) ) Plaintiffs, ) ) vs. ) ) SELENE FINANCE LP, SMITH & WEIK, LLC, ) & POTESTIVO & ASSOCIATES PC, ) ) Defendants. ) | 1:21-cv-02381 Judge John Z. Lee Magistrate Judge Heather K. McShain |

## 1st AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Kevin & Julieanne Wheeler, *pro-se*, bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Selene Finance LP ("Selene"), Smith & Weik, LLC ("Smith & Weik") and Potestivo & Associates ("Potestivo"). Plaintiffs alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper because:

a. The collection communications were received by plaintiff within this District.

   b. Each defendant does or transacts business within this District.

## PARTIES

5. Plaintiff Kevin Wheeler is an individual who resides in the Northern District of Illinois.

6. Plaintiff Julieanne Wheeler is an individual who resides in the Northern District of Illinois.

7. Defendant Selene is a limited partnership organized and existing under the laws of Delaware.

8. Selene has its principal place of business at 9990 Richmond Avenue, Suite 400, Houston, Texas 77042.

9. Selene is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Selene uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant Smith & Weik is a law firm organized as an Illinois limited liability corporation with offices at 1011 Lake Street Suite 412, Oak Park, Illinois 60301.

12. Smith & Weik is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts and other consumer debts.

13. Smith & Weik operates a collection agency and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Potestivo & Associates is a law firm organized as an Illinois limited liability company with is principal offices located at 223 West Jackson Blvd., Suite 610, in Chicago, Illinois. At all times relevant to this Complaint, Potestivo has been regularly engaged in the business of filing and prosecuting lawsuits to foreclose on mortgages.

## **FACTS**

15. On September 23, 2019, Selene acquired the servicing of Plaintiff's Loan from Rushmore Loan Management Services LLC ("Rushmore"). At the time of the transfer, the Loan was allegedly due for the March 1, 2012 through September 1, 2019 monthly installments.

16. On or about October 3, 2019, Selene mailed a "Notice of Debt" as required by 15 U.S.C. §1692g to the Plaintiff's attention.

17. Selene sent this Notice to 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

18. 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618 is the principal address of Rushmore Loan Management Services.

19. Plaintiffs never stated or inferred that they did then or had ever resided at 15480 Laguna Canyon Road, Suite 100, Irvine, California 92618.

20. Plaintiffs never received this required notice.

21. Despite not receiving the notice as required by §1692g, the Plaintiffs mailed Selene a debt validation letter on June 13, 2020. A true and correct copy of the validation letter is attached as Exhibit A.

22. Selene received the Plaintiffs debt validation letter on June 16, 2020 at 11:04 AM as per United States Postal Service tracking number EJ365742946US.

23. On June 17, 2020, despite receiving the Plaintiffs debt validation letter and having a duty and obligation to cease all debt collection activities, Selene, by and through its attorneys Smith & Weik and Potestivo & Associates asked a Will County judge to enter judgment in its favor against the Plaintiffs.

> "If I may, Judge, we filed our additional appearance yesterday for plaintiff. There's been motions for judgment and summary judgment on file since February, along with some other housekeeping motions. A briefing order

  was entered on February 14th. No response to the motions have been filed, so we are asking that summary judgment and judgment be entered today..”

24. In arguing for the entry of judgment against the Plaintiffs, Selene's attorney, Craig Smith made false statements and knowing misrepresentations in connection with the collection of a debt in that it was known that no briefing schedule had been entered by the Court and that the proceedings had been stayed as a result of the COVID-19 pandemic.

  The Court: "Hang on a second. Mr. Smith, was there a Covid hold on this file?"

  Attorney Craig Smith, "No, Judge. No."

25. Selene has made no effort to cease collection efforts on the Plaintiffs mortgage since receiving the Plaintiffs debt validation letter and continues to move for judgment, submit filings, briefs and motions and continues to mail the Plaintiffs monthly mortgage statements, despite not providing the Plaintiffs any of the information that they requested and are legally entitled to receive.

26. On information and belief, all acts of Smith & Weik were conducted on behalf of Selene.

27. The amount due and owing on a loan, such as a mortgage, is of critical importance to a borrower facing foreclosure as an incorrect amount may mean the difference between being approved -or- denied for loss mitigation efforts; the Plaintiffs being forced to pay Selene thousands of dollars more than what is owed; or, the Plaintiffs being chased after for additional money in the event Selene later determines that the amount being sought was incorrect.

28. On May 5, 2021, the Plaintiffs submitted a loss mitigation application to Selene. Selene is tasked with performing all tasks associated with the Defendants mortgage, including, but not limited to reviewing loss mitigation options.

29. On May 7, 2021, Selene mailed the Plaintiffs a letter requesting additional information which was received by the Plaintiffs on May 15, 2021.

30. On May 24, 2021, the Plaintiffs submitted all requested documents listed in Selene's May 7, 2021 letter.

31. On June 1, 2021, Selene sent the Plaintiffs a letter that determined that their application for assistance was deemed to be facially complete and that a decision regarding loss mitigation would be made no later than June 27, 2021.

32. On June 25, 2021, Selene mailed a notice to the Plaintiffs that they had been approved for a loan modification and that they were eligible for a short sale or deed in-lieu, which was received on July 2, 2021.

33. The notice also required that the Plaintiffs accept <u>or</u> appeal the loan modification by July 9, 2021.

34. The notice specifically stated, "**<u>You have the right to appeal this decision</u>**. **You must appeal this decision in writing by 7/9/2021. In your appeal, you must include the reason for the appeal and any documentation supporting your request for an appeal.**" (Emphasis added)

35. The Plaintiffs used a "Modification Appeal Form" provided to them by Selene in its notice to the Defendants dated June 25, 2021. This form was pre-populated by Selene and included the mortgage account number, the Defendants mailing information and a notice that the "Form must be received by 7/9/21."

36. Believing that their loan is eligible for a Home Affordable Modification Program ("HAMP") which would provide them a superior loan modification over what Selene offered and further believing that Selene is required to make a significant downward adjustment to the Plaintiffs loan pursuant to the transfer of servicing requirements of the Residential Mortgage License Act of 1987, (205 ILCS 635/3-7), the Plaintiffs appealed Selene's determination.

37. The Plaintiffs used the "Modification Appeal Form" provided to them by Selene in its letter to the Plaintiffs on June 25, 2021. This form was pre-populated by Selene and included the mortgage account number, the Plaintiffs mailing information and a notice that the, "Form must be received by 7/9/21."

38. At 10:47 PM CST on July 9, 2021, Plaintiff Kevin Wheeler emailed their appeal to loanresolution@selenefinance.com, which was the email address listed on the appeal form and one of the approved methods in which to appeal the modification.

39. Upon information, the email with all supporting attachments was successfully delivered to and received by Selene on July 9, 2021.

40. Following their appeal submission, the Plaintiffs did not receive any correspondence from Selene, including, but not limited to phone calls, text messages, letters, emails or communications from its attorneys.

41. After still not having received any communication from Selene, on August 12, 2021 at 8:02 AM, Plaintiff Kevin Wheeler contacted Selene to inquire about the status of their loan modification appeal.

42. Selene's representative indicated that no one had reviewed the appeal and that there were no notes in their file regarding the appeal although she could see it in the system. Selene's representative was confused because she said appeals are required to be completed within 30 days from receipt.

43. On August 12, 2021, Defendant Selene, by and through its attorneys requested that the Court overseeing the foreclosure case in Will County grant their motion to allow Selene to sell the Defendants home on the basis that the Plaintiffs rejected all loss mitigation options presented to them.

44. The Court granted Defendant Selene's motion.

45. Selene is currently in the process of selling the Plaintiffs home.

46. Plaintiffs are in fear of suffering irreparable harm, including the loss of their home as a result of the ongoing conduct of Selene Smith & Weik & Potestivo.

47. The Plaintiffs are being harassed and intimidated by the unlawful actions of Selene and their attorneys Smith & Weik & Potestivo.

## COUNT I - FDCPA

48. Plaintiffs incorporates paragraphs 1-47.

49. This claim is against Selene, Smith & Weik & Potestivo.

50. Defendants violated 15 U.S.C. §1692g(b), by refusing to validate a debt and for failing to cease debt collection efforts while a debt is disputed.

51. Section 1692g provides:

> **§1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any**

> **portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
> **(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a). (e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of GrammLeach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

52. After Plaintiffs disputed the debt in writing, Selene was required to provide them with verification of the debt and to cease all debt collection activities until such a time that verification was received. Instead, Selene, Smith & Weik & Potestivo ignored the Plaintiff's letter and continued their debt collection efforts, including requesting entry of judgment against the Plaintiffs.

**WHEREFORE**, Plaintiffs request the following relief:

   A. a finding that Selene, Smith & Weik & Potestivo violated 15 U.S.C. § 1692g(a);

   B. an award of any actual damages sustained by Plaintiff as a result of Selene, Smith & Weiks & Potestivo's violation(s);

   C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **COUNT II - FDCPA**

53. Plaintiffs incorporate paragraphs 1-47.

54. This claim is against Selene, Smith & Weik & Potestivo.

55. Defendants violated 15 U.S.C. §1692e(10), by making false and misleading statements to others in an effort to collect a debt.

56. Selene, by and through its attorneys Smith & Weik and Potestivo made false representations and statements in an effort to obtain judgment against the Plaintiff's home when attorney Craig Smith made false statements that the Defendant's did not file a responsive pleading to a motion for summary judgment and further made false statements that there was no COVID hold on the contested foreclosure and that Selene was entitled to judgment as a result.

57. Selene and Potestivo are vicariously liable for the false statements made by its attorney, Smith & Weik.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Selene, Smith & Weik & Potestivo violated 15 U.S.C. § 1692e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Selene & Smith & Weiks violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT III - FDCPA

58. Plaintiffs incorporate paragraphs 1-47.

59. This claim is against Selene, Semith & Weik & Potestivo.

60. Defendants violated 15 U.S.C. §1692e(10), by making false and misleading statements to others in an effort to collect a debt.

61. Illinois requires that a loss mitigation affidavit, explaining the types of loss mitigation potentially available to a loan in foreclosure and the efforts taken by the servicer to offer those mitigation options to borrowers at or before the filing of a motion for summary judgment. See *Ill. Sup. Ct. R. 114*.

62. Selene created - and its attorneys presented – a loss mitigation affidavit which included statements that Selene engaged the Plaintiffs in loss mitigation activities such as "Court-Assisted Mediation" when Selene did no such thing and sending the Plaintiffs solicitations for loss mitigation without explaining that at least some solicitations were sent to addresses in which the Plaintiffs would never receive such solicitations.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Selene, Smith & Weik & Potestivo violated 15 U.S.C. § 1692e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Selene & Smith & Weiks violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT IV - FDCPA

63. Plaintiffs incorporate paragraphs 1-47.

64. This claim is against Selene.

65. Defendants violated 15 U.S.C. §1692e(10), by making false and misleading statements to others in an effort to collect a debt.

66. Selene stated to the Plaintiffs in writing that they had a "right" to appeal its loss mitigation determination.

67. Upon information and belief, no "right" exists to appeal a loan modification approval.

68. The Plaintiffs relied upon Selene's statements, submitted an appeal in writing, and are now in a substantially worse position had they been told to accept or reject the loss mitigation option because they now face the imminent loss of their home – an irreparable harm – due to their reliance on Selene's statements.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Selene, violated 15 U.S.C. § 1692e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Selene's violation(s), including but not limited to emotional distress and financial injuries;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: September 7, 2021             Respectfully submitted,

/s/ Kevin Wheeler
Kevin Wheeler

/s/ Julieanne Wheeler
Julieanne Wheeler

667 Turtledove Lane
New Lenox, Illinois 60451
630.333.6295
gwheelock915@sbcglobal.net

# EXHIBIT A

Kevin & Julieanne Wheeler
667 Turtledove Lane
New Lenox, Illinois 60451-8301

June 13, 2020

*Via Overnight Delivery*

Selene Finance
9990 Richmond Avenue, Suite 400 South
Houston, TX 77042-8500

Re: Debt Validation Request, Account #7093990

Pursuant to §1692g(b) of the Fair Debt Collection Practices Act, you are hereby notified that we dispute the alleged debt in its entirety and further demand that you provide us strict proof thereof. This is not a refusal to pay. Please supply the information below so that we can be fully informed:

Why you think we owe the debt and to whom I owe it, including:

- The name and address of the creditor to whom the debt is currently owed, the account number used by that creditor, and the amount owed.

- If this debt originated with a different creditor, provide the name and address of the original creditor, the account number used by that creditor, and the amount owed to that creditor at the time it was transferred to Selene Finance. When you identify the original creditor, please provide any other name by which I might know them, if that is different from the official name. In addition, please advise us when the current creditor obtained the debt and who the current creditor obtained it from.

- Provide verification and documentation that there is a valid basis for claiming that we are required to pay the debt to the current creditor. Please provide a copy of the written agreement that created my original requirement to pay?

The amount and age of the debt, including:

- A copy of the last billing statement sent to me by the original creditor.

- State the amount of the debt when you obtained it, and when that was.

- If there have been any additional fees, charges or interest added since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each added amount. In addition, explain how the added interest, fees or other charges are expressly authorized by the agreement creating the debt or are permitted by law.

- If there have been any payments or other reductions since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each of them.

- If there have been any other changes or adjustments since the last billing statement from the original creditor, please provide full verification and documentation of the amount you are trying to collect. Explain how that amount was calculated. In addition, explain how the other changes or adjustments are expressly authorized by the agreement creating the debt or permitted by law.

- Please provide an explanation as to how you determined that the current monthly payment is $2,036.37. Please provide any documents that support that the principal and interest amount sought is correct and all escrow analysis' conducted to support the current escrow amount of $812.21 from 6/1/2011 to current.

- Please provide a detailed explanation and breakdown of any advances or fees that you are claiming are due and owing.

- You claim that the interest rate on the loan is 4%, however, your website indicates that the interest rate on the loan is 2%. Please explain this discrepancy, and why you are not able to provide consistently accurate loan information to us.

- Tell me when the creditor claims this debt became due and when it became delinquent.

- Identify the date of the last payment made on this account.

- Have you made a determination that this debt is within the statute of limitations applicable to it? Tell me when you think the statute of limitations expires for this debt, and how you determined that.

Details about your authority to collect this debt.

- We would like more information about your firm before we discuss the debt with you. Does Selene Finance have a debt collection license in the State of Illinois? If not, please state why not. If so, provide the date of the license, the name on the license, the

license number, and the name, address and telephone number of the state agency issuing the license. Does the creditor of the loan have debt collection or debt buyers license in the State of Illinois? Please provide us with that information as well.

- If you are contacting me from a place outside of Illinois, does your firm have a debt collection license from that State? If so, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

We have asked for this information because we have some questions about the servicing of this loan and your ability to competently and legally do so. We need to hear from you to make an informed decision about your claim that we owe this money. As always, we are open to communicating with you for this purpose, however it appears that Selene Finance has made a decision to no longer communicate with us. In order to make sure that we are not put at any disadvantage, in the meantime please treat this debt as being in dispute and under discussion between us.

Lastly, please note that we are not in receipt of the notice of debt allegedly sent by you to us in or around August, 2019. Upon information, rather than sending that notice to us as required by §1692g(a) of the Fair Debt Collection Practices Act, you chose to send the legally required notice to Rushmore Loan Management Services at their offices in Irvine, California instead. Therefore, you are obligated to respond to this request as timely and immediately cease any and all debt collection efforts in connection with the above referenced loan number.

Thank you for your cooperation and we look forward to speaking with you.

Sincerely,


Kevin Wheeler          Julieanne Wheeler
630.333.6295